IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TURKS HEAD CAFÉ, LLC, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case Number: 2:24-cv-01992 |
| | ) | |
| MAIN LINE WINE COMPANY, LLC, | ) | JURY TRIAL DEMANDED |
| d/b/a TURKS HEAD WINES, | ) | |
| | ) | |
| *Defendant.* | ) | |

## COMPLAINT

Plaintiff Turks Head Café, LLC ("Plaintiff," "Turks Head Café"), by and through its undersigned attorneys bring this complaint against Defendant, Main Line Wine Company, LLC d/b/a Turks Head Wines ("Defendant" or "Main Line Wine" or "Turks Head Wines") and allege as follows:

## NATURE OF THE ACTION

1.      This is an action for trademark infringement, false designation of origin, and unfair competition arising under common law and the trademark laws of the United States, 15 U.S.C. §§ 1051 *et seq.*, and specifically 15 U.S.C. § 1114; and 15 U.S.C. § 1125.

## PARTIES

2.      Plaintiff Turks Head Café, LLC is a Pennsylvania limited liability company with a place of business at 111 N. Church Street, West Chester, PA 19380.

3.      Defendant Main Line Wine Company, LLC is a Pennsylvania limited liability company with a place of business at 232 Weatherhill Drive, West Chester, PA 19382.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over Plaintiff's claims against Defendant because the Court has original federal questions subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121. This Court has supplemental subject matter jurisdiction over Plaintiff's remaining common law claims under 28 U.S.C. § 1367(a).

5.     This Court has personal jurisdiction over Defendant because it does business in the State of Pennsylvania and this judicial district and because the actions described herein took place in this judicial district.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant resides in the State in which this district is located and the facts giving rise to the claims alleged herein occurred in this judicial district.

## FACTS

### Plaintiff and Its Activities

7.     The history behind "Turks Head Coffee Roasters" stems back to 1956 when Lamont Coffee was started by Joe Lamont Sr. Today, Lamont Coffee is a wholesale coffee roaster and remains a family-owned business. Lamont Coffee delivers coffee to coffee shops, cafes, and restaurants in the greater Philadelphia area, which includes West Chester, Pennsylvania.

8.     Joe Lamont Sr.'s grandsons, Jim and Joe, had a goal to provide coffee directly to the community of West Chester, and thus, in 2016, the Lamont Family launched "Turks Head Coffee Roasters" to accomplish this goal.

9.     For a short period of time in the 1700s West Chester, where Turks Head Cafe is located, was known as the Village of Turks Head. The name of the area was changed from the

Village of Turks Head to West Chester in approximately 1794. John Hannum named the town West Chester, and it is now known as the Borough of West Chester.

10.     In 2016, Plaintiff first used in commerce the name and trademark TURKS HEAD COFFEE ROASTERS on and in connection with the promotion, offering for sale, and sale of its coffee and coffee roasting products and services.

11.     On February 1, 2022, Turk's Head Café LLC was formed.

12.     On June 3, 2022, Plaintiff opened a TURKS HEAD CAFE coffee and tea bar at 111 N Church Street, West Chester, Pennsylvania 19380.

13.     In June of 2022, Plaintiff first used in commerce the name and mark TURKS HEAD CAFE, as well as the design mark shown below (the "Logo Mark"), on and in connection with the promotion, offering for sale, and sale of its coffee products and its coffee and tea bar services.



14.     Plaintiff owns the names and trademarks TURKS HEAD COFFEE ROASTERS and TURKS HEAD CAFE, and the Logo Mark by virtue of its long-term, continuous, and substantially exclusive use of each trademark. Each of these trademarks is distinctive and, collectively, they are some of Plaintiff's most valuable assets.

15.     On December 19, 2022, Plaintiff filed an application to register the Logo Mark with the U.S. Patent & Trademark Office ("USPTO") (the "Logo Mark"). The USPTO issued Registration No. 7,297,660 on February 6, 2024 for the Logo Mark. (Ex. A). The mark "consists of the interlocking letters 'T' and 'H' in stylized black lettering, surrounded by a gold knot

pattern. The color white represents background and/or transparent areas and is not part of the mark." *Id.* The services associated with the mark are, *inter alia,* coffee and tea bar services (international class 043). *Id.*



16.     On December 19, 2022, Plaintiff filed an application to register the trademark TURKS HEAD COFFEE ROASTERS with the USPTO. (Ex. B). (The goods and services associated with the mark are coffee (international class 030) and coffee roasting and processing (international class 040). *Id.* This application is currently pending and was published on April 16, 2024. (Ex. C).

17.     On December 23, 2022, Plaintiff filed an application to register the trademark TURKS HEAD CAFE with the USPTO. (Ex. D) The goods and services associated with the mark are coffee and tea bar services (international class 043). *Id.* The application is currently pending and was published on April 16, 2024. (Ex. E).

18.     On June 3, 2022, Plaintiff opened a brick-and-mortar location at 111 N Church Street, West Chester, Pennsylvania 19380, called TURKS HEAD CAFE.

19.     Plaintiff promotes, offers for sale, and sells its TURKS HEAD COFFEE ROASTERS products on its website, https://turksheadcoffee.com/ and at its TURKS HEAD CAFE coffee and tea bar.

20.     Below are screenshots of Plaintiff's coffee products offered for sale online, showing use of the Logo Mark and the TURKS HEAD COFFEE ROASTERS mark:





21.     The Logo Mark and the TURKS HEAD CAFE name and mark are also prominently displayed on Plaintiff's storefront at 111 N Church Street, West Chester, Pennsylvania 19380, as shown below:



22.     The goods and services associated with Plaintiff's three trademarks - the Logo

Mark, TURKS HEAD CAFE, and TURKS HEAD COFFEE ROASTERS- are advertised and

promoted on several social media platforms including Facebook, Instagram, YouTube, and

TikTok.

23.     Plaintiff's trademarks are also displayed on its merchandise, apparel, packaging,

coffee cups, as well as a company food truck. A picture of the food truck is displayed below:



24.     Since "Turks Head Coffee Roasters" was launched in 2016, Plaintiff has spent

significant time, money, and resources in developing, protecting, and promoting its brand and the

products offered, advertised, and promoted in connection with Plaintiff's three trademarks.

25.     As a result of Plaintiff's expenditures and efforts, Plaintiff's Logo Mark and the

TURKS HEAD CAFE and TURKS HEAD COFFEE ROASTERS names and marks have come

to signify high-quality products.  Plaintiff, its trademarks, and its products and services are well-

and favorably- known in West Chester and beyond; Plaintiff has enjoyed commercial success for

its products and services associated with these trademarks.

### Defendant and Its Activities

26.     Upon information and belief, long after Plaintiff began using its three trademarks,

Defendant adopted the trademark TURKS HEAD WINES for use in connection with the

promotion, offering for sale, and sale of wine, merchandise, apparel, and related services

including a wine tasting room. Defendant also adopted the design mark shown below

(collectively, the "Infringing Marks").



27.     On or about October 25, 2023, Defendant opened its TURKS HEAD WINES

store on the same street as the TURKS HEAD CAFE coffee and tea bar. Only one hundred feet

separates the storefronts: the TURKS HEAD WINES store is located 120 N Church St., West

Chester PA 19380 and the TURKS HEAD CAFE coffee and tea bar is located at 111 N Church

St., West Chester, Pennsylvania 19380. The proximity of the two storefronts is depicted below:





28.     On November 18, 2022, Defendant filed an intent to use ("ITU") application to register the trademark TURK'S HEAD with the USPTO. (Ex. F). The USPTO issued a Notice of Allowance on April 9, 2024. (Ex. G).  The goods and services associated with the mark are for wine bars and wine tasting room services (international class 043). *Id.* Upon information and belief, Defendant does not use the trademark TURK'S HEAD (with an apostrophe) in commerce in connection with any goods or services, but rather uses TURKS HEAD (without an apostrophe).

29.     Also, on November 18, 2022, Defendant filed an ITU application to register the trademark TURK'S HEAD WINES with the USPTO. (Ex. H). The USPTO issued a Notice of Allowance on April 9, 2024. (Ex. I). The goods and services associated with the mark are for wine (international class 033). *Id.* Upon information and belief, Defendant does not use TURK'S HEAD WINES (with an apostrophe) in commerce in connection with any goods or services, but rather uses TURKS HEAD WINES (without an apostrophe).

30.     On May 10, 2023, Defendant filed an ITU application to register its design mark that "consists of a circular basketweave pattern over the words TURKS HEAD" with the USPTO. (Ex. J).

31.     On August 31, 2023, the USPTO issued a suspension letter against Defendant's application to register its design mark on the grounds Defendant's design mark is confusingly similar to Plaintiff's word marks TURKS HEAD COFFEE ROASTERS and TURKS HEAD CAFE. Action on Defendant's application is suspended pending the registration of Plaintiff's marks. (Ex. K).

32.     As depicted below, Defendant's design mark, the circular basketweave pattern over the words TURKS HEAD, is displayed on a sign outside of TURKS HEAD WINES at 120 N Church St., West Chester PA 19380.



33.     Upon information and belief, Defendant's products displaying the Infringing

Marks or variations of the Infringing Marks are promoted and offered for sale on

https://www.turksheadwines.com/, as depicted below:





A dark burgundy color with a vibrant streak of ruby, our Sonoma County Cabernet opens with a powerful nose of pomegranate juice and black cherry along with background hints of graphite, violets, and vanilla.  The palate is still driven by fruit, with velvety cherry, red licorice, and macerated strawberry, but with acid-driven stone-fruit notes of apricot and peach and mineral-driven earthy notes hinting at granite and slate.  The utilization of 45% new French oak adds welcoming kitchen spice notes of toasted vanilla, creamy caramel and clove.  Even with this richness, the acidity maintains an overall brightness and freshness and the wine finishes with well integrated tannins and a touch of minerality.

Coming soon!

*$48.00 / 750ml*



| VINTAGE | TYPE | VARIETAL |
|---|---|---|
| 2022 | Red | Cabernet Sauvignon |
| COUNTRY | REGION | APPELLATION |
| United States | California | Sonoma County |

11



34.     The goods and services used in connection with Defendant's Infringing Marks are advertised and promoted on several social media platforms including Facebook, Instagram, and LinkedIn.

35.     Given the geographical proximity of parties' respective businesses, the confusing similarity of their respective marks and the related nature of their respective products and services, Plaintiff's customers routinely explain to Plaintiff's employees that they mistakenly believed Defendant's products and services were associated with, connected, or related to Plaintiff, demonstrating actual confusion.

36.     Plaintiff has requested that Defendant stop using the Infringing Marks. Despite Plaintiff's requests, Defendant has declined to take any corrective action.

## COUNT I

### Federal Trademark Infringement

### 15 U.S.C. § 1114

37.     Plaintiff hereby repeats and incorporates the allegations contained in Paragraphs 1 through 36 as if fully set forth herein.

38.     This claim is brought under 15 U.S.C. § 1114.

39.     Plaintiff has continuously and extensively used its Logo Mark shown below since June of 2022, on and in connection with coffee and tea bar services, and Plaintiff has not abandoned this mark.



40.     The registration for the Logo Mark is valid and enforceable.

41.     Plaintiff's use of its Logo Mark in the United States for its services predates the use of the Defendant's infringing design mark shown below.



# TURKS HEAD

42.     Defendant's infringing design mark is confusingly similar to Plaintiff's Logo Mark, because both designs wholly incorporate a circle knot design and contain the letters "T" and "H" within the knot, referring to "Turks Head."

43.     Defendant's goods and services are also beverages and wine tasting rooms, which are related to and competitive with Plaintiff's coffee and tea bar services.

44.     Defendant's goods and services are offered for sale within about one hundred feet of Plaintiff's goods and services. The parties' respective design marks are displayed on storefronts within about one hundred feet of each other.

45.     Defendant's use of the infringing design mark in commerce, on and in connection with the sale, offering for sale, distribution, or advertising of goods and services similar to and competing with those of Plaintiff, is likely to cause confusion, mistake, or deception with regard to the origin of Defendant's goods and services, especially considering the geographic proximity of the parties' main establishments, and to confuse, mislead, and deceive members of the public into believing that Plaintiff has allowed, sponsored, approved, or licensed Defendant (and/or their affiliates or business partners) to provide competing goods and services, or in some way Defendant (and/or their affiliates or business partners) is connected to or affiliated with Plaintiff, when Defendant is not.

46.     Any such confusion would result in injury or have a direct impact on Plaintiff's reputation and its ability to market its own goods and services under its registered Logo Mark. Furthermore, any defect, objection, or fault found with Defendant's (and/or their affiliates' or business partners') goods and services would negatively impact and seriously injure the reputation Plaintiff has established for the goods and services it sells under its Logo Mark.

47.     Defendant's use of the infringing design mark was without Plaintiff's permission, license, or consent.  Defendant is not connected with Plaintiff or its Logo Mark, and Defendant does not have a license or other agreement to use the Plaintiff's Logo Mark.

48.     Plaintiff has objected to Defendant's use of the infringing design mark and Defendant has ignored such demands and continues the infringing conduct, thereby causing injury to the goodwill associated with the Plaintiff's Logo Mark.



49.     Defendant's acts constitute infringement of the federally-registered Trademark in violation of 15 U.S.C. § 1114.

50.     Plaintiff has been and will continue to be irreparably injured by Defendant's conduct.  Plaintiff has no adequate remedy at law for Defendant's infringement of its rights. Plaintiff is therefore entitled to injunctive relief against Defendant.

## <u>COUNT II</u>

**False Designation of Origin and Unfair Competition**

**15 U.S.C. § 1125(a)**

51.     Plaintiff hereby incorporates the allegations contained in Paragraphs 1 through 50 as if fully set forth herein.

52.     This claim is brought under 15 U.S.C. § 1125(a).

53.    Plaintiff has continuously and substantially exclusively used the TURKS HEAD COFFEE ROASTERS mark since 2016, and has continuously and substantially exclusively used the TURKS HEAD CAFE mark and its Logo Mark since June of 2022, and it has not abandoned any of these marks.

54.    The Logo Mark is distinctive and commercially strong and enjoys both federally registered and common law trademark protection.

55.    The TURKS HEAD COFFEE ROASTERS and TURKS HEAD CAFE marks are distinctive and commercially strong and enjoy common law trademark protection.

56.    Plaintiff's use of the marks in the United States for coffee and related products and services is prior to any date upon which Defendant could rely on as the first date Defendant used its Infringing Marks on its wine and related products and services.

57.    Defendant is using confusingly similar names for related and competing products and services without Plaintiff's authorization. Defendant's marks TURKS HEAD WINES and TURKS HEAD are confusingly similar in appearance, sound, connotation, and commercial impression to Plaintiff's TURKS HEAD CAFE and TURKS HEAD COFFEE ROASTERS marks due to the borrowed use of the term "TURKS HEAD," and Defendant's marks TURKS HEAD WINES and TURKS HEAD are used on similar beverage products and services that are offered and advertised under these similar marks and within one hundred feet of Defendant's products and services.

58.    Defendant is also using a confusingly similar design mark for related and competing products and services without Plaintiff's authorization. Defendant's design mark is confusingly similar in appearance and commercial impression to Plaintiff's Logo Mark, as both logos contain the same kind of circle knot and within the knot is a "T" and "H" which is in both

16

logos and serves abbreviation for "Turks Head" in both logos. The logos are both used in relation to beverages and related products and services that are offered for sale within one hundred feet of each other.

59.    Defendant's use of the Infringing Marks in connection with beverage products and related services misrepresents the nature, characteristics, qualities, and origin of Defendant's products.

60.    Defendant's unauthorized use of its Infringing Marks in commerce, in connection with the sale, offering for sale, distribution, or advertising of its goods and services unfairly competes with Plaintiff, constitutes a false designation of origin and false description, and falsely represents to the public that the goods and services advertised, sold, or offered for sale by Defendant (and/or their affiliates or business partners) emanate from the same source or origin as Plaintiff's goods and services, or that Plaintiff authorizes, endorses, sponsors, or otherwise approves those goods, when Plaintiff does not.

61.    Defendant's use of the Infringing Marks is without Plaintiff's permission, license, or consent.  Defendant is not connected with Plaintiff or the Plaintiff's trademarks.  Plaintiff has objected to Defendant's use of the Infringing Marks and Defendant has ignored such demands and continues to use the Infringing Marks, to trade on the goodwill associated with the Plaintiff's Trademarks.

62.    Defendant's acts constitute false designation of origin, false suggestion and false connection with the Infringing Marks and unfair competition in violation of 15 U.S.C. § 1125(a).

63.    Plaintiff has been and will continue to be irreparably injured by Defendant's conduct.  Plaintiff has no adequate remedy at law for Defendant's infringement of its rights. Plaintiff is therefore entitled to injunctive relief against Defendant.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury in this action of all issues so triable.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff Turks Head Café, LLC respectfully prays for the following relief against Defendant:

(a)     An order declaring that Defendant's unauthorized conduct violates the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a);

(b)     An order permanently enjoining and restraining Defendant and those in active concert and participation with Defendant from:

1.   Further infringing and/or making any use of the TURKS HEAD CAFE and TURKS HEAD COFFEE ROASTERS marks and Plaintiff's logo and any colorable imitations, including but not limited to TURKS HEAD and TURKS HEAD WINES and Defendant's logo, to advertise, promote, offer, and provide its products or services, or any related products or services; or

2.   Representing or suggesting to any third party that Defendant or its products and services are affiliated with, sponsored by, licensed by, or otherwise associated with Turks Head Café LLC and/or the TURKS HEAD CAFE and TURKS HEAD COFFEE ROASTERS marks and Turks Head Café LLC's logo; and

3.   Otherwise unfairly competing with Plaintiff;

(c)     Any other relief that the Court finds warranted and just.

18

Dated: May 9, 2024

Respectfully submitted,

PANITCH SCHWARZE BELISARIO &
NADEL LLP

*/s/ John D. Simmons*
John D. Simmons (ID 202405)
Bridget H. Labutta (ID 313165)
Ava E. Lutz (*pro hac vice* to be filed)
Two Commerce Square
2001 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215) 965-1268
Facsimile: (215) 965-1331
jsimmons@panitchlaw.com
blabutta@panitchlaw.com
alutz@panitchlaw.com

***Attorneys for Plaintiff Turks Head Café, LLC***